# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN COVERT, | ) | |
|     Plaintiff, | ) | Civil Action No. 14-309ERIE |
| | ) | |
| v. | ) | District Judge Rothstein |
| | ) | |
| MR. FREEMAN, et al, | ) | Magistrate Judge Baxter |
|     Defendans. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is recommended that the instant action be dismissed due to Plaintiff's failure to prosecute. The Clerk of Courts should be directed to terminate all pending motions and to close this case.

### II. REPORT

This civil rights action was filed in this Court on December 15, 2014. Plaintiff claims that Defendants are violating his constitutional rights by curtailing the number of religious services he may attend.

By Order dated July 21, 2015, this Court granted Defendants' motion for a more definite statement and ordered Plaintiff to file an amended complaint before July 31, 2015. Plaintiff failed to comply with that order. ECF No. 18.

By Order dated August 10, 2015, this Court directed Plaintiff to show cause for his failure to file the amended complaint. Plaintiff's response to the show cause order was due by

1

August 19, 2015. The Order warned that Plaintiff's failure to comply could result in the dismissal of this action based upon his failure to prosecute his case. ECF No. 19. To date, Plaintiff has failed to comply.

The Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. In the last few months, Plaintiff has taken none of the necessary steps to prosecute this case. Plaintiff has been repeatedly ordered to file his amended complaint, yet he has failed to do so. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. The meritoriousness of Plaintiff's claim is impossible to determine as Plaintiff's original complaint lacks sufficient factual allegations. Accordingly, this case should be dismissed due to Plaintiff's failure to prosecute.

### III. CONCLUSION

It is respectfully recommended that the instant action be dismissed due to

Plaintiff's failure to prosecute. The Clerk of Courts should be directed to terminate all pending motions and to close this case.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen days. Any party opposing the objections shall have fourteen days to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: August 25, 2015